IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN HUMPHRIES, | Civil Action No. 09 - 485 |
| Petitioner, | |
| v. | Magistrate Judge Lisa Pupo Lenihan |
| WARDEN OF ALLEGHENY COUNTY JAIL, MR. RUSTIN, | |
| Respondent. | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I. RECOMMENDATION

It is respectfully recommended that the Petition for Writ of Habeas Corpus be dismissed as moot.

### II. REPORT

John Humphries, a federal prisoner formerly in custody of the federal Bureau of Prisons, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 claiming that he was being unlawfully held beyond his maximum sentence. For the reasons set forth below, Petitioner's claim now is moot.

Petitioner was released from custody on or about April 28, 2009. Consequently, his Petition has become "moot." In this regard, Article III, § 2 of the Constitution limits the jurisdiction of the federal courts to actual "cases or controversies." This is a "bedrock requirement" and requires the plaintiff to establish that he or she has proper "standing" to sue. Raines v. Byrd, 521 U.S. 811, 818 (1997) (internal citations omitted). The constitutional minimum of standing contains three elements.

> First, the plaintiff must have suffered an "injury in fact"--an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not "conjectural" or "hypothetical." Second, there must be a causal connection between the injury and the conduct complained of--the injury has to be "fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court." Third, it must be "likely," as opposed to merely "speculative," that the injury will be "redressed by a favorable decision."

Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-561 (1992) (internal quotations and citations omitted). To meet the standing requirements of Article III, a plaintiff must allege personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief. Raines, 521 U.S. at 818 (quotation omitted).

Generally, when a prisoner is challenging the BOP's execution of his sentence pursuant to a petition for writ of habeas corpus, the petition becomes moot if the prisoner completes his term of imprisonment before the habeas proceedings have concluded. *See e.g.*, Spencer v. Kemna, 523 U.S. 1, 7-8 (1998); Lane v. Williams, 455 U.S. 624, 631-34 (1982). Because Petitioner has been released from imprisonment, this Court cannot provide him with effective relief on his habeas claim. In these circumstances, no live controversy remains. Thus, Petitioner's claim for relief is barred as moot.

### III. CONCLUSION

For the foregoing reasons, it is respectfully recommended that the Petition for Writ of Habeas Corpus be dismissed as moot.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.1.4(B) of the Local Rules for Magistrate Judges, the parties are allowed ten (10) days from the

date of service to file objections to this report and recommendation. Any party opposing the objections shall have ten (10) days from the date of service of objections to respond thereto. Failure to file timely objections may constitute a waiver of any appellate rights.

/s/ Lisa Pupo Lenihan  
Lisa Pupo Lenihan  
United States Magistrate Judge

May 4, 2008

    John Humphries, 40729 3A -104  
    Allegheny County Jail  
    950 Second Avenue  
    Pittsburgh, PA 15219